ACCEPTED
03-14-00199-CV
5260121
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 9:20:07 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00199-CV

_____

COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/13/2015 9:20:07 AM
JEFFREY D. KYLE
Clerk

_____

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.

*Appellants*,

v.

MONIQUE RATHBUN,

*Appellee*.

_____

## MOTION FOR LEAVE TO FILE
## NOTICE OF SUPPLEMENTAL AUTHORITY OF APPELLANT
## CHURCH OF SCIENTOLOGY INTERNATIONAL

_____

On Appeal from the 207th Judicial District Court
of Comal County, Texas
Trial Court No. C-2013-1082B
Hon. Dib Waldrip of the 433rd Judicial District Court, Presiding

_____

Of Counsel:

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
 KRINSKY & LIEBERMAN PC
45 Broadway, Suite 1700
New York, New York 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

Thomas S. Leatherbury
 State Bar No. 12095275
Marc A. Fuller
 State Bar No. 24032210
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone:  214.220.7792
Facsimile:  214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

Ricardo G. Cedillo
  State Bar No. 04043600
Isaac J. Huron
  State Bar No. 24032447
Les J. Strieber III
  State Bar No. 19398000
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: 210.822.6666
Facsimile: 210.822.1151
rcedillo@lawdcm.com
ihuron@lawdcm.com
lstreiber@lawdcm.com

George H. Spencer, Jr.
  State Bar No. 18921001
CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas 78205-1531
Telephone: 210.227.7121
Facsimile: 210.227.0732
spencer@clemens-spencer.com

***Attorneys for Appellant Church of Scientology International***

TO THE HONORABLE COURT OF APPEALS:

Appellant Church of Scientology International ("Church") requests leave to file a Notice of Supplemental Authority to address the Texas Supreme Court's recent decisions in *Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025 (Tex. Apr. 24, 2015) (per curiam), and *In re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015), and this Court's recent decisions in *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155 (Tex. App.—Austin Apr. 7, 2015, no pet. history), and *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 WL 2061922 (Tex. App.—Austin, May 1, 2015, no pet. history). Each of these recent decisions presents issues under the Texas Citizens Participation Act, Tex. Civ. Prac. Rem. Code § 27.001 *et seq.*, that are relevant to the issues presented in this appeal.

Wherefore, the Church prays that this Court grant this Motion for Leave to File Notice of Supplemental Authority of Appellant Church of Scientology, which is attached hereto as Exhibit 1, and grant any such other relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Thomas S. Leatherbury*
Thomas S. Leatherbury
  State Bar No. 12095275
Marc A. Fuller
  State Bar No. 24032210
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201-2975
Telephone:  214.220.7792
Facsimile: 214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

Ricardo G. Cedillo
  State Bar No. 04043600
Isaac J. Huron
  State Bar No. 24032447
Les J. Strieber III
  State Bar No. 19398000
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: 210.822.6666
Facsimile: 210.822.1151
rcedillo@lawdcm.com
ihuron@lawdcm.com

George H. Spencer, Jr.
  State Bar No. 18921001
CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas  78205-1531
Telephone: 210.227.7121
Facsimile: 210.227.0732
spencer@clemens-spencer.com


Of Counsel:

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN PC
45 Broadway, Suite 1700
New York, NY 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

***Attorneys for Appellant Church of
Scientology International***


# CERTIFICATE OF CONFERENCE

On May 12, 2015, I conferred with Appellee's counsel, Leslie Hyman, who stated that Appellee is not opposed to this motion.


/s/ *Marc A. Fuller*_____
Marc A. Fuller

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of May, 2015, the foregoing Motion for Leave to File Notice of Supplemental Authority of Appellant Church of Scientology International was served on the following attorneys in accordance with the requirements of the Texas Rules of Appellate Procedure via electronic filing or email.

Ray B. Jeffrey
JEFFREY & MITCHELL, P. C.
2631 Bulverde Road, Suite 105
Bulverde, TX 78163

Marc F. Wiegand
THE WIEGAND LAW FIRM, P.C.
434 N. Loop 1604 West,
Suite 2201
San Antonio, TX 78232

Elliott S. Cappuccio
PULMAN, CAPPUCCIO PULLEN
& BENSON, LLP
2161 N.W. Military Hwy., #400
San Antonio, TX 78213

Lamont A. Jefferson
HAYNES & BOONE LLP
112 E. Pecan Street, Suite 1200
San Antonio, TX 78205-1540

J. Iris Gibson
HAYNES & BOONE LLP
600 Congress Ave., Suite 1300
Austin, TX 78701

Jonathan H. Hull
REAGAN BURRUS
401 Main Plaza, Suite 200
New Braunfels, TX 78130

O. Paul Dunagan
SARLES & OUIMET
370 Founders Square
900 Jackson Street
Dallas, TX 75202

Bert H. Deixler
KENDALL BRILL KLIEGER
10100 Santa Monica Blvd.,
Suite 1725
Los Angeles, CA 90067

Stephanie S. Bascon
LAW OFFICE OF STEPHANIE S. BASCON,
PLLC
297 W. San Antonio Street
New Braunfels, TX 78130

Wallace B. Jefferson
Rachel Ekery
ALEXANDER DUBOSE JEFFERSON
& TOWNSEND, LLP
515 Congress Avenue, Suite 2350
Austin, TX 78701

/s/    *Thomas S. Leatherbury*
Thomas S. Leatherbury

-4-

US 3518244v.1

# EXHIBIT 1

**No. 03-14-00199-CV**

_____

COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS

_____

CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.

*Appellants*,

v.

MONIQUE RATHBUN,

*Appellee*.

_____

**NOTICE OF SUPPLEMENTAL AUTHORITY OF APPELLANT
CHURCH OF SCIENTOLOGY INTERNATIONAL**

_____

On Appeal from the 207th Judicial District Court
of Comal County, Texas
Trial Court No. C-2013-1082B
Hon. Dib Waldrip of the 433rd Judicial District Court, Presiding

_____

Of Counsel:

Eric M. Lieberman
RABINOWITZ, BOUDIN, STANDARD,
  KRINSKY & LIEBERMAN, PC
45 Broadway, Suite 1700
New York, New York 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

Thomas S. Leatherbury
  State Bar No. 12095275
Marc A. Fuller
  State Bar No. 24032210
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone:  214.220.7792
Facsimile:  214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

Ricardo G. Cedillo
  State Bar No. 04043600
Isaac J. Huron
  State Bar No. 24032447
Les J. Strieber III
  State Bar No. 19398000
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
Telephone: 210.822.6666
Facsimile: 210.822.1151
rcedillo@lawdcm.com
ihuron@lawdcm.com
lstreiber@lawdcm.com

George H. Spencer, Jr.
  State Bar No. 18921001
CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas  78205-1531
Telephone: 210.227.7121
Facsimile: 210.227.0732
spencer@clemens-spencer.com

*Attorneys for Appellant Church of Scientology International*

Appellant Church of Scientology International ("Church") submits this Notice of Supplemental Authority to address the Texas Supreme Court's recent decisions in *Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025 (Tex. Apr. 24, 2015) (per curiam), and *In re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015), and this Court's recent decisions in *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155 (Tex. App.—Austin Apr. 7, 2015, no pet. history), and *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 WL 2061922 (Tex. App.—Austin, May 1, 2015, no pet. history).

### *Lippincott v. Whisenhunt*

The Supreme Court's decision in *Lippincott* presents the threshold issue of whether and when a court must apply the Texas Citizens' Participation Act on an issue of free speech. *See* Tex. Civ. Prac. & Rem. Code § 27.001 *et seq*. The Act applies when a "legal action is based on, relates to, or is in response to the [defendant's] exercise of . . . the right of free speech." TCPA § 27.005(b). The "exercise of the right of free speech" is defined as "a communication made on a matter of public concern." *Id.* § 27.001(3). The Court's decision resolves one of the main legal disputes in this appeal, *i.e.*, whether the Act applies only to a "communication" that is made to the public. The Sixth Court of Appeals in *Lippincott* had held that the Act does not apply to private communications, a position adopted by the district court below and strongly urged by Appellee here. *See Whisenhunt v. Lippincott*, 416 S.W.3d 689, 697-98 (Tex. App.—Texarkana

-1-

2013), *rev'd*, *Lippincott*, 2015 WL 1967025; Brief of Appellee at 39-42; Dist. Ct. Op. at 20-24. The Church has argued, to the contrary, that the statute's definition of the term "communication" is not limited to "public" communications. So long as a communication satisfies the *statutory* definition of a "matter of public concern," it comes within the scope of the TCPA even if it is private. *See* Reply Brief at 13-14.

In reversing the Sixth Court of Appeals, the Supreme Court has confirmed that the Church's view is correct. Focusing on the Act's specific language as well as the Legislature's injunction to construe the Act "liberally to effectuate its purpose and intent fully," TCPA § 27.011, the Court found that a "communication" can be public or private, in any form or media. Accordingly, contrary to Appellee's argument, if a "communication" is private, but on a "matter of public concern," it meets the statutory definition:

> This statute defines "communication" to include any form or medium, including oral, visual, written, audiovisual, or electronic media—regardless of whether the communication takes a public or private form. Tex. Civ. Prac. & Rem. Code § 27.001(1). The plain language of the statute imposes no requirement that the form of the communication be public. Had the Legislature intended to limit the Act to publicly communicated speech, it could have easily added language to that effect. *See In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). In the absence of such limiting language, we must presume that the Legislature broadly included both public and private communication. Tex. Civ. Prac. & Rem. Code § 27.011.

*Lippincott*, 2015 WL 1967025, at \*2.

*Lippincott* confirms that Appellants' communications come within the ambit of the TCPA. First, the communications concerning Marty Rathbun, which plaintiff incorporated as part of every cause of action alleged (whether made in a public forum or to a few individuals) were indisputably about a public figure, and are thus matters "of public concern" within the TCPA. *Id.* § 27.001(7)(D). Moreover, as the Church has demonstrated—and Appellee did not dispute— Appellee is a public figure in her own right. *See, e.g.*, Brief of Appellant at 30-31 (citing cases and record evidence); Reply Brief at 13 (noting that Appellee conceded this point by not responding to it); 3RR194-99; 1CR150-56.

Second, Appellants' communications, whether public or "private," in response to Rathbun's extensive public campaign to disparage the Church and its leadership, as well as Appellee's direct participation in those activities, related to the religious dispute between the Church and the Rathbuns over ecclesiastical issues important to the Scientology community. *See* TCPA § 27.001(7)(B) ("'matter of public concern' includes an issue related to . . . community well-being"). In light of this evidence, *Lippincott* leaves no room for Appellee to argue that Appellants' communications were not "made in connection with a matter of public concern" within the TCPA.

### *In re Lipsky*

The Supreme Court's decision in *Lipsky* relates to the second TCPA inquiry: the non-movant's burden to establish by "clear and specific evidence a *prima facie* case for each essential element of the claim in question." TCPA § 27.005(c). *Lipsky* held that a non-movant can rely on circumstantial evidence and rational inferences to satisfy her burden. 2015 WL 1870073, at *7. Unlike the issue in *Lippincott*, however, this is not a point of meaningful contention on this appeal. Instead, the parties focused on the issue of how *clear and specific* the non-movant's evidence must be. The Church emphasized that Appellee presented no evidence, or only mere speculation and conjecture, to support her causes of action. *See, e.g.*, Brief of Appellant at 47 ("Here, there is no evidence, let alone 'clear and specific evidence,' that the Church played any part whatsoever in persuading Plaintiff's employer to breach her employment contract.").

On this issue, *Lipsky* supports the Church's position, as does this Court's post-*Lipsky* decision in *Serafine*. The Supreme Court rejected as legally inadequate an attempt by the non-movant to meet its burden of showing *prima facie* evidence on one of its causes of action. 2015 WL 1870073, at *9. In particular, the Court concluded that "bare, baseless opinions" and conclusory allegations unsupported by "specific facts" are not a "sufficient substitute for the clear and specific evidence required to establish a *prima facie* case under the TCPA." *Id*.

Accordingly, the Court's holding[1] provides additional support to Appellants.

## *Neyland v. Thompson*

Whereas *Lippincott* and *Lipsky* involved only the "right of free speech" under the TCPA, *Neyland* involved both "free speech" and the "right of association." *See Neyland*, 2015 WL 1612155, at *4-5. The *Neyland* plaintiff's suit was based on communications made among members of a homeowners' association ("HOA"). *Id.* at *1. In determining whether these communications fell within the "right of association" protected by the TCPA, the Court looked to the plain language of the TCPA, noting that the Legislature had broadly defined "right of association" to include all communications "between individuals who join together to collectively express, promote, pursue, or defend common interests." *Id.* at *1, 4 (citing TCPA § 27.001(2)). HOA members "share common interests," thus communications between them are protected under the TCPA. *Id.* at *4.

Here, as in *Neyland*, Appellants rely on the "right of association" in addition to the "right of free speech." As members of the Scientology community, Appellants share common religious interests, including the motivation to guard against its adulteration. Accordingly, communications among them relating to these religious issues fall within the TCPA's protection of the "right of

---

[1] We note that neither *Lipsky*, *Lippincott,* nor *Serafine* involved the third level of inquiry mandated under the TCPA, as amended in 2013: whether, even to the extent a plaintiff may meet her *prima facie* burden, a movant has shown that it nevertheless is entitled to prevail as a matter of law. *See* TCPA § 27.005(d). We reiterate that the Church made that showing with respect to each of plaintiff's four causes of action.

-5-

association." Contrary to Appellee's argument, it does not matter whether Appellants' communications would be protected under the First Amendment "right of association." *But see* Brief of Appellee at 43 n.26 (arguing that Appellants' communications are not protected under the *constitutional* right of association).

### *Serafine v. Blunt*

*Serafine* involves the third right protected under the TCPA: the "right of petition." 2015 WL 2061922, *1-2. Again, the Court looked to the plain language of the statute in determining the scope of the right, which brings within its ambit even disputes between private parties. *Id.* at *4; *but see* Brief of Appellee at 46-48 (arguing that only activity relating to petitions made to the Government are protected).

Following *Lipsky,* the Court applied the "clear and specific evidence" requirement to find that the non-movants had provided vague and conclusory evidence in support of their counterclaim relating to Serafine's filing of a lawsuit, requiring the dismissal of that portion of their counterclaim under the Act.

> We conclude that the term "clear and specific evidence" refers to the quality of evidence required to establish a *prima facie* case, while the term '*prima facie* case' refers to the amount of evidence required to satisfy the nonmovant's minimal factual burden.

*Serafine*, 2015 WL 2061922, at *3. The Court assumed without discussion and without argument from the parties, however, that because the non-movant's

-6-

counterclaim was based on both petition activity (the filing of the lawsuit) covered by the Act and other alleged acts not covered by the Act, that only the petition activity would be subject to analysis under the TCPA, and that the other allegations would be remanded. *Id.* at \*4.[2]

The question of how to address such "mixed claim" issues *was* briefed and argued in this appeal. *See* Reply Brief. at 20-21. As the Church showed, in such cases arising under the California anti-SLAPP statute, Cal. Code Civ. P. § 425.16 *et seq.*, "[w]here . . . a cause of action is based on both protected activity and unprotected activity, it is subject to [the anti-SLAPP statute] unless the protected conduct is merely incidental to the unprotected conduct." *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1551 (2010) ("the pleading of other, indeed numerous other, indisputably 'unprotected' theories of liability does not eliminate or reduce the chilling effect of the exercise of free speech and petition" created by the allegations of activity covered by the statute); *Fox Searchlight Pictures, Inc. v. Paladino,* 89 Cal. App. 4th 294, 308 (2001) ("[A] plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and unprotected activity under the label of one 'cause of action'"). A non-movant, of course, could still go forward

---

[2] The issue of how so-called "mixed claims" are to be treated under the TCPA was neither briefed nor argued in the *Serafine* case. From the opinions, it does not appear that Serafine even included the acts other than the lawsuit and *lis pendens* within her motion. Thus, the Court did not address or analyze the "mixed claim" issue on its merits. The issue was discussed in the concurring opinion in *Serafine.* *See* 2015 WL 2061922 at \*29-30 (Pemberton, J., concurring).

with that portion of his mixed claim that is not encompassed within the Act by demonstrating, within the context of the motion to dismiss brought under the Act, that his claim is supported by clear and specific evidence of a *prima facie* case and is not otherwise subject to dismissal. Indeed, as potentially demonstrated here, such a course is squarely consistent with interests of judicial economy.

Moreover, because *Serafine* did not involve pre-suit investigation of potential civil litigation, the Court did not consider whether such activities are so closely related and indeed often necessary to future or ongoing litigation as to come within the scope of the TCPA's right to petition. As the Church showed (Brief at 34-35; Reply Brief at 16), a faithful adherence to the language of the TCPA, as *Lippincott* mandates, confirms that Appellants' retention of licensed professionals to investigate Appellee's provocative conduct against their faith, in contemplation of possible affirmative or defensive litigation or of possible complaints to law enforcement (as occurred), sufficiently "relates to" their right to petition a court or government official for relief as to fall within the ambit of the Act. *See, e.g.*, *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1071 (2009) ("the investigation of a potential claim is normally and reasonably part of effective litigation, if not an essential part of it"); *see also Dickens v. Provident Life & Acc. Ins. Co.*, 117 Cal. App. 4th 705, 708-09 (2004) ("[A] defendant's alleged participation in procuring a criminal prosecution against a plaintiff falls within the ambit of the anti-SLAPP statute.").

-8-

Based on these additional authorities, the Church respectfully re-urges its request that this Court reverse the district court's order denying its motion to dismiss, grant the motion, and render judgment for the Church.

Respectfully submitted,

Of Counsel:

Eric M. Lieberman
Rabinowitz, Boudin, Standard,
  Krinsky & Lieberman PC
45 Broadway, Suite 1700
New York, New York 10006
Telephone:  212.254.1111
Facsimile:  212.674.4614
elieberman@rbskl.com

/s/     *Thomas S. Leatherbury*
Thomas S. Leatherbury
  State Bar No. 12095275
Marc A. Fuller
  State Bar No. 24032210
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Trammell Crow Center
Dallas, Texas  75201
Telephone: 214.220.7792
Facsimile: 214.999.7792
tleatherbury@velaw.com
mfuller@velaw.com

***Attorneys for Appellant Church of Scientology International***

US 3519264v.1